TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Darby Green*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darby Green, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company, Equifax Information Services, LLC a Georgia corporation, and Bank of America, N.A., a national banking association. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, DARBY GREEN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona; and

c. Bank of America, N.A. ("Bank of America"), which is a national banking association that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Bank of America is reporting its trade line with account number 6817900360XXXX ("Errant Trade Line") on Plaintiff's Trans Union and Equifax credit files with multiple charge offs.

7. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times. Moreover, the multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly reported as a current derogatory, it has unduly largely and devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

8. Credit reporting is a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until he pays the debt.

9. The multiple charge offs convey to any user or prospective of Mr. Green's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter.  These repetitive charge off notations are far more punitive and misleading than informative.

10. On or about May 19, 2015, Mr. Green obtained his credit files and noticed multiple charge offs on the Errant Trade Line.

11. On or about January 12, 2016, Mr. Green submitted letters to Trans Union and Equifax, disputing the multiple charge offs on the Errant Trade Line.

12. Upon information and belief, Equifax and Trans Union transmitted Mr. Green's consumer dispute to Bank of America.

13. On or about January 30, 2016, Mr. Green received Equifax's investigation results, which showed that Bank of America retained the multiple charge offs on the Errant Trade Line.

14. On or about February 5, 2016, Mr. Green received Trans Union's investigation results, which showed that Bank of America retained the multiple charge offs on the Errant Trade Line.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Trans Union and Equifax of Mr. Green's consumer dispute of the multiple charge offs of the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Mr. Green's dispute as required by 15 USC 1681s-2(b).

17. Bank of America negligently failed to review all relevant information available to it and provided by Trans Union and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union and Equifax to remove the multiple charge offs from the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Green's consumer credit files with Trans Union and Equifax to which it is reporting such trade line.

19. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mr. Green has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Bank of America is liable to Mr. Green by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Green has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Bank of America for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Experian and Equifax that Mr. Green disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mr. Green's dispute.

24. Bank of America willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Mr. Green has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Bank of America is liable to Mr. Green for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages

in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Green as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Green that was false, misleading, and inaccurate.

30. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Green, in violation of 15 USC 1681e(b).

31. After receiving Mr. Green's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Green has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Trans Union is liable to Mr. Green by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Green as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mr. Green that was false, misleading, and inaccurate.

8

37. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Green, in violation of 15 USC 1681e(b).

38. After receiving Mr. Green's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Green has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Trans Union is liable to Mr. Green by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Green as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Green that was false, misleading, and inaccurate.

44. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Green, in violation of 15 USC 1681e(b).

45. After receiving Mr. Green's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Green has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Equifax is liable to Mr. Green by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Green as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Green that was false, misleading, and inaccurate.

51. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Green, in violation of 15 USC 1681e(b).

52. After receiving Mr. Green's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Green has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Equifax is liable to Mr. Green by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 31, 2016

                                            KENT LAW OFFICES

                                       By:  */s/  Trinette G. Kent*
                                           Trinette G. Kent
                                           Attorneys for Plaintiff,
                                           Darby Green